UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MERRILL, KIET LE, and BENJAMIN HILL,<br><br>          Plaintiffs,<br><br>v.<br><br>MENTAL HEALTH SYSTEMS, a California corporation; THE TRAINING CENTER, a California corporation; JEAN R. ALMONOR, an individual; and DOES 1 THROUGH 50, inclusive,<br><br>          Defendants. | Case No.: 3:16-cv-01090-GPC-JMA<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFFS' MOTION TO REMAND;**<br><br>**(2) DISMISSING ALL OTHER PENDING MOTIONS WITHOUT PREJUDICE AS TO THEIR REASSERTION IN STATE COURT**<br><br>[ECF Nos. 30, 31, 35, 36.] |

  Before the Court is Plaintiffs David Merrill, Kiet Le, and Benjamin Hill's (collectively, "Plaintiffs'") motion to remand the instant case back to state court pursuant to 28 U.S.C. § 1447(c). (Dkt. No. 30.) Neither Defendant The Training Center ("TTC") nor Defendant Mental Health Systems ("MHS") (collectively, "Defendants") opposes the motion. (Dkt. Nos. 33, 34.) The Court deems Plaintiffs' motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having reviewed Plaintiffs' motion and the applicable law, and for the reasons set forth below, the Court **GRANTS** Plaintiff's motion to remand the instant case back to state court (Dkt. No. 30)

1

and **DISMISSES** all remaining pending motions without prejudice as to their reassertion in state court (Dkt. Nos. 31, 35, 36).

## BACKGROUND

Having recited the facts of this case at length previously, the Court will detail only relevant procedural background here. (*See* Dkt. No. 26.)

Plaintiffs filed the instant action on April 1, 2016, and Defendant MHS removed the case to this Court on May 5, 2016. (Dkt. No. 1.) Federal question jurisdiction (on account of Plaintiffs' § 1983 claim) constituted the sole grounds for removal. (*Id.* at 2.[1])

Defendants filed separate motions to dismiss and motions to strike portions of Plaintiffs' First Amended Complaint ("FAC") on June 16, 2016. (Dkt. Nos. 16, 17.) After conducting a hearing on September 9, 2016, the Court (1) granted Defendants' motions to dismiss Plaintiffs' § 1983 claim due to a lack of state action, (2) granted Plaintiffs leave to amend their § 1983 claim and leave to conduct limited discovery on the issue of state action, and (3) deferred ruling on the remainder of Defendants' motions to dismiss and motions to strike Plaintiffs' remaining state law claims. (Dkt. Nos. 25, 26.)

On November 29, 2016, Plaintiffs filed a Second Amended Complaint ("SAC"). (Dkt. No. 29.) Plaintiffs removed their § 1983 claim; as a result, the SAC contains only the following state law claims: negligence, premises liability, intentional infliction of emotional distress, breach of implied warranty of habitability, nuisance, battery, and interference with a Constitutional right and right of protection from bodily harm and restraint pursuant to Cal. Civ. Code § 52.1. (*Id.*)

On November 30, 2016, Plaintiffs filed a motion to remand the instant case back to state court pursuant to 28 U.S.C. § 1447(c) and a motion to withdraw as attorney for Plaintiff Benjamin Hill. (Dkt. Nos. 30, 31.) Defendants do not oppose the motion to remand. (Dkt. Nos. 33, 34.) Defendants subsequently filed separate motions to dismiss and motions to strike Plaintiffs' SAC on December 13, 2016. (Dkt. Nos. 35, 36.)

---

[1] All citations to the record refer to the pagination generated by the CM/ECF system.

## DISCUSSION

Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Yet, even "once judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Townsend v. Columbia Operations*, 667 F.2d 844, 850 (9th Cir. 1982) (asserting that "the district court should have dismissed the pendent state claims" given that the district court properly entered judgment as to the federal claims). In the event that all federal law claims are eliminated before trial, a district court must weigh the following factors before declining to exercise pendent jurisdiction: judicial economy, convenience, fairness, and comity. *See Bryant v. Adventist Health System/W.*, 289 F.3d 1162, 1169 (9th Cir. 2002) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614 (1988)).

First, the factor of comity weighs in favor of granting Plaintiffs' motion to remand. Here, the Court dismissed the claim over which it had original subject matter jurisdiction—Plaintiffs' § 1983 claim—at an early stage in the litigation and deferred ruling on Plaintiffs' state law claims. (Dkt. No. 26.) Plaintiffs' subsequently filed SAC contains no federal law claims. (Dkt. No. 29.) The SAC contains tort, property, and statutory claims governed by California law. (*Id.*) Proceeding with only state law claims in federal court will not serve a federal interest in the absence of diversity between the parties. Rather, allowing a state court to adjudicate the remaining state law claims would

better serve the interest of comity.

Judicial economy and procedural convenience also weigh in favor of granting Plaintiffs' motion to remand. The Court focused solely on Plaintiffs' § 1983 claim at the September 9, 2016 hearing and in its Order granting in part and deferring in part Defendants' motions to dismiss. (Dkt. Nos. 25, 26.) To date, the Court has not ruled on Plaintiffs' state law claims. The instant litigation is in an early stage: Plaintiffs' action was filed in state court on April 1, 2016 and removed to this Court on May 5, 2016. (Dkt. No. 1.) No answer has been filed, and no trial date has been set. Limited discovery has been conducted only on the issue of state action in regard to Plaintiffs' § 1983 claim, which Plaintiffs no longer pursue in their SAC.

Finally, in light of Defendants' non-opposition, the Court finds that the factor of fairness weighs in favor of granting Plaintiffs' motion to remand. (Dkt. Nos. 33, 34.)

Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(c)(3). The Court **REMANDS** this action back to state court and **DISMISSES** all other pending motions without prejudice as to their reassertion in state court.

**IT IS SO ORDERED.**

Dated: December 16, 2016

Hon. Gonzalo P. Curiel
United States District Judge